UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ERNEST MALLETY | : | CIVIL ACTION NO. 2:16-cv-106 |
| REG. #15273-043 | | SECTION P |
| VERSUS | : | JUDGE MINALDI |
| LORETTA LYNCH, ET AL | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Earnest Mallety ("Mallety"). Mallety is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

Following a jury trial in the United States District Court for the Northern District of Florida (Pensacola Division), Mallety was convicted on three counts: (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine; (2) conspiracy to use telephone facilities to facilitate the commission of a drug offense; and (3) possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 1, att. 1, p. 2. Mallety gives the date of judgment of conviction as June 8, 2011. Doc. 1, p. 1.  He was sentenced

to 175 months imprisonment on Count 1 and 48 months imprisonment on Count 2, to run concurrently, and 60 months imprisonment on Count 3, to run consecutively, for a total of 235 months imprisonment. *See United States v. Mallety*, 496 Fed. App'x 984, 988 (11th Cir. 2012) (unpublished). Mallety appealed his convictions on Counts 1 and 3, and the Eleventh Circuit affirmed. *Id.* at 991. He apparently did not seek further review in the United States Supreme Court. Mallety states that he filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the U.S. District Court for the Northern District of Florida, arguing ineffective assistance of counsel for failure to timely perfect an appeal. Doc. 1, p. 3. He claims that the motion is still pending. *Id.*

On January 15, 2016, Mallety signed and dated the instant *habeas* petition (received and filed by the court on January 22, 2016), claiming that he is actually innocent of Count 3 because it is a non-existent federal offense. Doc. 1, att. 1, pp. 1, 8.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Reed collaterally attacks his incarceration by challenging his conviction and the sentence imposed, not the execution of his sentence. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A prisoner seeking such relief under the savings clause must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830.

Mallety does not satisfy the criteria set forth above. He has pointed to no retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised. Even if he had argued that one of his cited cases applied retroactively to his case, his reliance would be misplaced. A new rule is only retroactively applicable in limited circumstances. These include "substantive, non-constitutional decisions concerning the reach of a federal statute," which are characterized by their articulation of the elements that the government must prove in order to obtain a conviction. *Garland v. Roy*, 615 F.3d, 3976–97 (5th Cir. 2010) (internal quotations and alterations omitted).

Moreover, his attempt to proceed under the savings clause with a claim based on the holdings of *Persaud v. United States*, 134 S. Ct. 1023 (2014) or *Dority v. Roy*, 131 S. Ct. 3023

(2011), is without merit. The Fifth Circuit recently addressed this issue in regard to *Persaud*. *Sharbutt v. Vasquez*, 600 Fed. App'x 251 (5th Cir. 2015) (unpublished opinion). There the court stated that "Sharbutt's contention that *Persaud* . . . stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision." *Id.* at 252. Further, any reliance on *Dority* is misplaced. In that case, the Supreme Court simply denied the movant's petition for writ of certiorari. *Dority*, 131 S. Ct. at 3023

Because Mallety has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the

date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 1st day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE